James A. MCCRORY, Jr., Petitioner,

v.

**DEPARTMENT OF THE NAVY Respondent.**

No. 02–3266.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 7, 2002.

Before MAYER, Chief Judge, SCHALL, and DYK, Circuit Judges.

DECISION

PER CURIAM.

James A. McCrory petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that dismissed his petition for enforcement. *McCrory v. Dep't of the Navy,* 91 M.S.P.R. 56 (M.S.P.B.2002). We *affirm.*

DISCUSSION

I.

Effective November 26, 1997, Mr. McCrory was removed from his position with the Department of the Navy ("Navy"). After he appealed his removal to the Board, Mr. McCrory and the Navy entered into a settlement agreement. The agreement provided, among other things,

(i) that the Standard Form 50 "Notification of Personnel Action" ("SF–50") would state that Mr. McCrory had resigned to seek other employment opportunities, and (ii) that the Navy would expunge all information related to the appeal from Mr. McCrory's Official Personnel Folder ("OPF"). On March 2, 1998, the settlement agreement was entered into the record and Mr. McCrory's appeal was dismissed.

Subsequently, on June 15, 1998, Mr. McCrory filed a petition for enforcement. Mr. McCrory alleged that the Navy had not provided him with a copy of the SF–50. On September 8, 1998, the parties entered into an agreement settling the enforcement action. The agreement provided in relevant part as follows: "The Appellant agrees that the Agency is in full compliance of the original settlement agreement and withdraws the motion for enforcement of that settlement agreement." That same day, the administrative judge ("AJ") accepted the settlement agreement, entered it into the record, and dismissed the petition.

Mr. McCrory filed a second petition to enforce the original settlement agreement on April 26, 2001. In the petition, Mr. McCrory alleged that the word "removal" appeared on a Standard Form 1150 ("Record of Leave Data") in a government database, and also in the records of the Federal Employees' Retirement System. On July 16, 2001, in an initial decision, the AJ dismissed the petition for enforcement as untimely. *McCrory v. Dep't of the Navy*, MSPB Docket No. DA–0752–98–0138–C–1 (July 16, 2002). Thereafter, Mr. McCrory petitioned the Board for review.

On February 14, 2002, the Board granted Mr. McCrory's petition for review and vacated the AJ's initial decision. *McCrory v. Dep't of the Navy*, MSPB Docket No. DA–0752–98–0138–C–1 (Feb. 14, 2002).

On its own motion, however, the Board reopened the appeal and dismissed it for lack of jurisdiction. *Id.* Relying upon the language from the September 8, 1998 settlement agreement that is quoted above, the Board stated that because Mr. McCrory had "bargained away his right to a Board order finding the agency in noncompliance with the term [of the settlement agreement] requiring the agency to expunge his OPF," he was precluded from obtaining any relief pursuant to his enforcement petition. *Id.* Mr. McCrory has timely petitioned for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *See Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

On appeal, Mr. McCrory does not contend that the Navy is not now in compliance with the original settlement agreement (dated March 2, 1998). Indeed, in his petition for review, Mr. McCrory informed the Board that, through his own efforts, he had obtained correction of his personnel records. Rather, Mr. McCrory's sole contention on appeal is that he is entitled to "[f]inancial compensation for the embarrassment of having to disclose all of the details of the settlement with my new employer/supervisor." In that regard, Mr. McCrory seeks $10,000.00 in damages. Mr. McCrory is not entitled to the relief he seeks. First, upon proof that

an agency has breached a settlement agreement, the only remedy available is either enforcement of the agreement or rescission of the agreement and reinstatement of the claim on appeal. *See Pierson v. Dep't of the Army,* 86 M.S.P.R. 203, 205 (2000) (stating that "[w]hen a party to a settlement agreement materially breaches the agreement, the non-breaching party has the option of enforcing the terms of the agreement or rescinding the settlement agreement and going forward with the appeal.") Further, the Board had no authority to award damages to Mr. McCrory. *See Wonderly v. Dep't of the Navy,* 68 M.S.P.R. 529, 532 (1995) (denying Wonderly's request for $68,586 in damages because the Board only has authority to either enforce "the agreement or [rescind] the agreement and [reinstate the] claim on appeal.")

For the foregoing reasons, the final decision of the Board is affirmed.